UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RONNIE MORGAN                                                    PLAINTIFF

v.                                                    No. 4:25-cv-123-BJB

ATMOS ENERGY CORPORATION, ET AL.                                DEFENDANTS

* * * * *

MEMORANDUM OPINION & ORDER

*Pro se* plaintiff Ronnie Morgan sued Atmos Energy Corporation, UCG Storage, and WKG Storage in a state-court complaint that raised various claims related to gas lines that allegedly cross Morgan's property in Madisonville. Complaint (DN 1). The case later made its way to federal court, where the Defendants moved for either dismissal or a more definite statement under Rule 12(e). DN 12. Morgan then moved to amend his complaint (DN 15) and to excuse any associated delay based on equitable tolling (DN 21). Yet rather than await a ruling on his motion to amend—permission that Rule 15 requires absent consent from the opposing party—Morgan went ahead and filed what he described as an amended complaint (DN 22).

Meanwhile, the Defendants were already largely on the same page. Even before Morgan filed the putative amended complaint, they had proposed treating a portion of the prior motion to amend as the amended complaint, to which they'd respond accordingly. Response to Motion for Amended Complaint (DN 20) at 2. And indeed, Morgan's subsequent filing looks very similar to the portion of the motion that the Defendants had proposed treating as an amended complaint.

Given the Defendants' apparent lack of objection to Morgan's amended pleading, and with an eye toward efficiency, the Court accordingly denies as moot, and without opposition, the Defendants' motion to dismiss or for a more definite statement (DN 12), grants Morgan's motion to file an amended complaint (DN 15), and orders the Defendants to respond to that amended complaint (DN 22) within 21 days. Should the Defendants move to dismiss, Morgan must file any opposition brief within 21 days as provided by the Local Rules.

As noted, Morgan also moved to apply an equitable-tolling rule to the statute of limitations for his underlying claims. DN 21. He asks "this court to [p]ause or stop the time limitations in this case until such time as Discovery can be conducted and this case given to a jury for trial." *Id.* But the record does not suggest that he would

1

need to toll the statute of limitations: the relevant moment for assessing the timeliness of a claim is ordinarily when the complaint is *filed* even (at least ordinarily) if the plaintiff later amends the pleadings. *See generally Stein v. Regions Morgan Keegan Select High Income Fund*, 821 F.3d 780, 786–87 (6th Cir. 2016). And, contrary to Morgan's apparent fears, here it's not clear how the Defendants' motion and subsequent response might render Morgan's amended complaint untimely. *See* DN 21 at 1 ("It is evident that Atmos Energy Corporation seeks to delay this case as long as possible and file for dismissal of violations on terms of time limitations."). So without prejudice to any future motion regarding whether tolling might apply—or to any defense regarding the statute of limitations that the Defendants might raise— the Court denies Morgan's motion for equitable tolling (DN 21).