**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

RONNIE MORGAN                                                        PLAINTIFF

v.                                                          No. 4:25-cv-123-BJB

ATMOS ENERGY CORPORATION, ET AL.                              DEFENDANTS

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

*Pro se* plaintiff Ronnie Morgan moved for a temporary restraining order and preliminary injunction that would prevent Defendant Atmos Energy from "[l]eaving [gas] pipelines abandoned underneath [Morgan's] property filled with cement." DN 31 at 1. Atmos responded in opposition, attaching a sworn declaration from its Operations Manager, Stuart Schulz, attesting that no portion of any pipeline on Morgan's property will be filled with cement. DN 33 at 1, 5–6. Given this declaration and Atmos's arguments in opposition, the Court previously issued an order expressing doubt that Morgan could establish a likelihood of success on the merits or irreparable harm sufficient to obtain injunctive relief. *See* Order (DN 34) (citing *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)).

Before rejecting the motion for temporary relief, however, the Court invited Morgan to reply with any other reasons or facts that might justify preliminary relief. *Id.* Since then, Morgan has filed several new motions and other documents, only one of which appears to relate to his request for injunctive relief. *See* DN 35 (reply seeking waiver of bond requirement). The others appear directed at the adequacy of his underlying pleadings. *See* DNs 37 (motion to amend complaint), 38 (motion "to oppose dismissal" of the complaint) & 39 ("statements" respecting jurisdictional, remedial, and merits arguments contained in various Atmos Energy filings). None of these submissions offer any additional and sufficient reasons why a preliminary injunction or temporary restraining order is appropriate at this time. So the Court denies his prior TRO/PI motion (DN 31) and denies as moot his subsequent motion seeking waiver of bond (DN 35). The Court will address Morgan's remaining non-emergent motions in a subsequent order.